S. Mark Varney, No. 121129
Jonathan Yank, No. 215495
**CARROLL, BURDICK & McDONOUGH LLP**
Attorneys at Law
44 Montgomery Street, Suite 400
San Francisco, CA 94104
Telephone:  415.989.5900
Facsimile:  415.989.0932
Email:  mvarney@cbmlaw.com
            jyank@cbmlaw.com

Thomas L. Vitu (admitted *pro hac vice*)
**MOFFETT VITU LASCOE & PACKUS, P.C.**
Brown Street Center - Suite 340
255 East Brown Street
Birmingham, MI 48009
Telephone:  (248) 646-5100
Facsimile:  (248) 646-5332
Email       tvitu@mdaal.com

Attorneys for Defendant
SUNBEAM PRODUCTS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FIRE INSURANCE EXCHANGE,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SUNBEAM PRODUCTS, INC. and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | No. CV 08-0367 CW<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**[N.D. CAL. LOCAL RULE 16-9]**<br><br>Date:  April 22, 2008<br>Time:  2:00 p.m.<br>Judge:  Honorable Claudia Wilken<br>Courtroom:  2 |

Plaintiff Fire Insurance Exchange and Defendant Sunbeam Products, Inc. ("Sunbeam") (collectively, the "Parties") jointly submit this Case Management Statement in accordance with this Court's January 18, 2008 Order Setting Initial Case Management Conference and ADR Deadlines and pursuant to Civil Local Rule 16-9.

# I

## CASE MANAGEMENT TOPICS

**1. Jurisdiction and Service**

a. Both Parties believe that subject matter jurisdiction is proper in this Court under 28 U.S.C. § 1332(a).

b. Neither Party is aware of any unresolved issues of personal jurisdiction or venue at this time.

c. The only named defendant, Sunbeam Products, has been served and has appeared, and has not asserted any counterclaims. The Parties do not anticipate service on any other person or entity.

**2. Facts**

This case relates to damage to personal and real property caused by a fire on January 14, 2007, at the residence of James and Victoria Esoimeme, insureds of Fire Insurance Exchange, at 7308 Outlook in Oakland, California. In addition to damage to the real and personal property of Plaintiff's insureds, Plaintiff's insureds and their family were unable to live in the home until after repairs were performed. Plaintiff Fire Insurance Exchange asserts that the fire was caused by a defect in an electric blanket that was designed, manufactured, distributed, and/or sold by Sunbeam. Plaintiff is alleging causes of action for negligence, strict product liability, and breach of warranty to recover the amount of $134,570.44 which was paid pursuant to its policy of insurance to repair the damaged portions of the house, to replace or repair personal property within the house that was damaged by the fire or smoke, or both, and to pay for alternative living facilities for its insureds' family while repairs were taking place. The amount of $134,570.44 includes plaintiff's insureds' deductible of $500.00. Under the terms of the insurance policy, plaintiff is required to seek reimbursement of the insured's deductible, which will be reimbursed to the insured.

Sunbeam asserts that its electric blanket was not defective and was not the cause of the January 14, 2007 fire, and that said fire was caused by instrumentalities

and/or individuals outside Sunbeam's control. Sunbeam further disputes the claimed damages and asserts that Plaintiff Fire Insurance Exchange failed to take reasonable steps to mitigate its damages.

### 3. Legal Issues

Discovery has not yet been concluded, so the parties are not able to anticipate all of the principal legal issues that might ultimately arise in this litigation. At the present time, however, the parties anticipate the following as the principal legal issues:

   a. Whether Plaintiffs or others were negligent, and whether that negligence, if any, was the proximate cause of the fire,

   b. Whether Sunbeam was negligent, and whether Sunbeam's negligence, if any, was the proximate cause of the fire;

   c. Whether the subject electric blanket was defective in design or manufacture, and whether such defects, if any, were the proximate cause of the fire;

   d. Whether there was a breach of warranty with respect to the subject electric blanket, and whether such breach of warranty, if any, was the proximate cause of the fire;

   e. Whether Plaintiff is entitled to recover any damages from Sunbeam under any theory of liability, and, if so, the appropriate measure of damages; and

   f. The effect of and remedies available to Sunbeam for the spoliation and alteration of the fire scene and evidence by Plaintiff's representative and others.

### 4. Motions

The court previously granted the Motion of Thomas L. Vitu for admission *Pro Hac Vice*. No other motions have been filed in this case to date.

### 5. Amendment of Pleadings

Neither Party presently anticipates adding any parties, claims, or defenses, or otherwise amending the pleadings. Plaintiff reserves the right to add additional defendants if defendant's responses to discovery contend that any part of the electric

blanket was designed or manufactured by some person or entity who is not presently a party to this lawsuit.

**6. Evidence Preservation**

The Parties have agreed to make all reasonable efforts to preserve discoverable materials and information, and have agreed that no destructive testing of any evidence or discoverable materials shall be undertaken without either: (a) the express written agreement by the opposing party; or (b) an order of this Court.

**7. Disclosures**

The Parties have met and conferred and submit herewith a Rule 26(f) Report. The Parties believe they will be prepared and have agreed to complete their respective initial disclosures, pursuant to Rule 26(a) on or before May 21, 2008, whereupon the parties anticipate beginning formal discovery.

**8. Discovery**

The parties have filed a Joint Rule 26(f) Report concurrently with this Joint Case Management Statement. As set forth therein, the parties anticipate propounding written discovery and conducting non-expert deposition discovery, subject to the Federal Rules of Civil Procedure.

**9. Class Actions**

Not applicable.

**10. Related Cases**

The Parties are not aware of any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

**11. Relief**

Plaintiff Fire Insurance Exchange seeks to recover from Sunbeam the amount of $134,570.44, in compensatory damages, representing the amount it paid to its insured under a policy of insurance and the insureds' $500.00 deductible. This amount is comprised of monies paid to repair the fire and smoke damaged house, repair or replace

certain of the contents of the house, and provide plaintiff's insureds' family with housing while repairs were being made. Plaintiff also seeks to recover interest and costs of suit.

Sunbeam seeks judgment in its favor and against Fire Insurance Exchange and seeks costs of suit, and such other relief as the Court may deem appropriate.

### 12. Settlement and ADR

The Parties have not yet engaged in substantive settlement negotiations.

The parties have complied with ADR Local Rule 3-5 and all other ADR aspects of this Court's orders. The parties have filed a Notice of Need for ADR Conference. The parties are amenable to participating in mediation, but respectfully submit that ADR is not appropriate at the present time.

### 13. Consent to Magistrate Judge for All Purposes

The Parties decline to consent to assignment to a Magistrate for all purposes.

### 14. Other References

The Parties do not believe that any form of reference is proper at this time.

### 15. Narrowing of Issues

The Parties believe it would be premature at this juncture to narrow the scope of potential issues to be raised at trial, as discovery has not yet been conducted in this case. Following the close of non-expert discovery, the Parties will reevaluate this question and endeavor to reach agreement to narrow the issues for trial.

### 16. Expedited Schedule

The Parties do not believe that this matter is appropriate for handling on an expedited basis with streamlined procedures.

### 17. Scheduling

The currently scheduled dates in this matter are as follows:

| | |
|---|---|
| April 15, 2008: | Deadline to file Rule 26(f) Report and Case Management Statement |
| April 22, 2008: | Initial Case Management Conference |

<u>The parties propose the following additional dates:</u>

| | |
|---|---|
| May 21, 2008: | Parties' Initial Disclosures |
| December 31, 2008: | Non-Expert Discovery Cutoff |
| January 31, 2009: | Plaintiff's Submission of Expert Reports |
| March 31, 2009 | Defendant's Submission of Expert Reports |
| June 30, 2009: | Dispositive Motion Hearings |
| July 30, 2009: | Pre-Trial Conference |
| August 30, 2009: | Trial |

**18. Trial**

Both Parties ask for a jury trial. The Parties presently anticipate that trial of this matter will take approximately 5-6 days.

**19. Disclosure of Non-Party Interested Entities or Persons**

Plaintiff's Complaint was filed in state court and the action was removed by defendant to this Court. Thus, at the time of the initial filing in state court, Plaintiff was not required to file a "Certification of Interested Entities or Persons." Plaintiff will do so now. Sunbeam filed the required Certification as part of its Notice of Removal when it removed this matter on January 18, 2008.

**Plaintiff's Certification.**

Pursuant to Civil L.R. 3-16, Fire Insurance Exchange certifies that the following listed persons, associations of persons, firms, partnerships, or corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Fire Insurance Exchange, is a reciprocal or inter-insurance exchange organized and existing under the laws of the State of California. It is one of a number of companies authorized to do business under the name of Farmers Insurance; plaintiff's insureds, James and Victoria Esoimeme to the extent of their deductible of $500.00.

**JOINT CASE MANAGEMENT STATEMENT**                                                                                   **NO. CV 08 0367 CW**

**Sunbeam's Re-Certification.** Pursuant to Civil L.R. 3-16, Sunbeam re-certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Sunbeam Products, Inc.; Jarden Corporation.

**20. Other Matters**

The Parties are not aware of any other matters that might facilitate the just, speedy, and inexpensive disposition of this matter.

Respectfully submitted,

Dated: April 15, 2008

CARROLL, BURDICK & McDONOUGH LLP

By _____/ s /_____
S. Mark Varney
Attorneys for Defendant
Sunbeam Products, Inc.

Dated: April 15, 2008

LAW OFFICES OF MOFFETT VITU LASCOE & PACKUS, P.C.

By _____/ s /_____
Thomas L. Vitu
Attorney for Defendant
Sunbeam Products, Inc.

Dated: April 15, 2008

LAW OFFICES OF KENNETH W. TURNER

By _____/ s /_____
Kenneth W. Turner
Attorneys for Plaintiff
Fire Insurance Exchange