1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11  FIRE INSURANCE EXCHANGE,     )
                                 )
12            Plaintiff(s),      )     No.  C08-0367 BZ
                                 )
13       v.                      )     **ORDER SCHEDULING**
                                 )     **JURY TRIAL AND**
14  SUNBEAM PRODUCTS INC.,       )     **PRETRIAL MATTERS**
                                 )
15            Defendant(s).      )
    ─────────────────────────────)
16

        Following the Case Management Conference, **IT IS HEREBY**
17
**ORDERED** that the Case Management Statement is adopted, except
18
as expressly modified by this Order.  It is further **ORDERED**
19
that:
20
1.   DATES
21
Trial Date: **Monday, 8/3/2009, 5-6 days**
22
Pretrial Conference: **Tuesday, 7/14/2009, 4 p.m.**
23
Last Day to Hear Dispositive Motions: **Wednesday, 6/3/2009**
24
Last Day for Expert Discovery: **Friday, 4/24/2009**
25
Last Day for Defendant's Expert Disclosure: **Friday, 3/13/2009**
26
Last Day for Plaintiff's Expert Disclosure: **Friday, 1/16/2009**
27
Close of Non-expert Discovery: **Friday, 12/19/2008**
28

                                    1

1  2.    <u>DISCLOSURE AND DISCOVERY</u>

2        The parties are reminded that a failure to voluntarily

3  disclose information pursuant to Federal Rule of Civil

4  Procedure 26(a) or to supplement disclosures or discovery

5  responses pursuant to Rule 26(e) may result in exclusionary

6  sanctions.  Thirty days prior to the close of non-expert

7  discovery, lead counsel for each party shall serve and file a

8  certification that all supplementation has been completed.

9        In the event a discovery dispute arises, **lead counsel** for

10  each party shall meet in person or, if counsel are outside the

11  Bay Area, by telephone and make a good faith effort to resolve

12  their dispute.  Exchanging letters or telephone messages about

13  the dispute is insufficient.  The Court does not read

14  subsequent positioning letters; parties shall instead make a

15  contemporaneous record of their meeting using a tape recorder

16  or a court reporter.

17        In the event they cannot resolve their dispute, the

18  parties must participate in a telephone conference with the

19  Court **before** filing any discovery motions or other papers.

20  The party seeking discovery shall request a conference in a

21  letter filed electronically not exceeding two pages (with no

22  attachments) which briefly explains the nature of the action

23  and the issues in dispute.  Other parties shall reply in

24  similar fashion within two days of receiving the letter

25  requesting the conference.  The Court will contact the parties

26  to schedule the conference.

27  3.    <u>MOTIONS</u>

28        Consult Civil Local Rules 7-1 through 7-5 and this

1   Court's standing orders regarding motion practice.   Motions

2   for **summary judgment** shall be accompanied by a statement of

3   the material facts not in dispute supported by citations to

4   admissible evidence.   The parties shall file a joint statement

5   of undisputed facts where possible.   If the parties are unable

6   to reach complete agreement after meeting and conferring, they

7   shall file a joint statement of the undisputed facts about

8   which they do agree.   Any party may then file a separate

9   statement of the additional facts that the party contends are

10  undisputed.   A party who without substantial justification

11  contends that a fact is in dispute is subject to sanctions.

12       A Chambers copy of all briefs shall be e-mailed in

13  WordPerfect or Word format to the following address:

14  bzpo@cand.uscourts.gov.

15  4.   <u>MEDIATION</u>

16       By agreement of the parties, this matter has been

17  referred for a Mediation.   The parties shall promptly notify

18  the Court whether the case is resolved at the Mediation.

19  5.   <u>SETTLEMENT</u>

20       This case has been referred for assignment to a

21  Magistrate Judge to conduct a settlement conference in March

22  or April of 2009 in the event the case is not resolved at the

23  Mediation.   Counsel will be contacted by that judge's chambers

24  with a date and time for the conference.

25  6.   <u>PRETRIAL CONFERENCE</u>

26       Not less than thirty days prior to the date of the

27  pretrial conference, the parties shall meet and take all steps

28  necessary to fulfill the requirements of this Order.

1        Not less than twenty-one days prior to the pretrial

2    conference, the parties shall: (1) serve and file a joint

3    pretrial statement, containing the information listed in

4    **Attachment 1**, and a proposed pretrial order; (2) serve and

5    file trial briefs, Daubert motions, motions *in limine*,

6    proposed findings of fact and conclusions of law, and

7    statements designating excerpts from discovery that will be

8    offered at trial (specifying the witness and page and line

9    references); (3) exchange exhibits, agree on and number a

10   joint set of exhibits and number separately those exhibits to

11   which the parties cannot agree; (4) deliver all marked trial

12   exhibits directly to the courtroom clerk, Ms. Voltz; (5)

13   deliver one extra set of all marked exhibits directly to

14   Chambers; and (6) submit all exhibits in three-ring binders.

15   Each exhibit shall  be marked with an exhibit label as

16   contained in **Attachment 2**.  The exhibits shall also be

17   separated with correctly marked side tabs so that they are

18   easy to find.

19       No party shall be permitted to call any witness or offer

20   any exhibit in its case in chief that is not disclosed at

21   pretrial, without leave of Court and for good cause.

22       Lead trial counsel for each party shall meet and confer

23   in an effort to resolve all disputes regarding anticipated

24   testimony, witnesses and exhibits.  All Daubert motions,

25   motions *in limine*, and objections will be heard at the

26   pretrial conference.  Not less than eleven days prior to the

27   pretrial conference, the parties shall serve and file any

28   objections to witnesses or exhibits or to the qualifications

1   of an expert witness.  <u>Daubert</u> motions and motion *in limine*

2   shall be filed and served not less than twenty days prior to

3   the conference.  Oppositions shall be filed and served not

4   less than eleven days prior to the conference.  There shall be

5   no replies.

6        Not less than twenty-one days prior to the pretrial

7   conference the parties shall serve and file requested voir

8   dire questions, jury instructions, and forms of verdict.  The

9   following jury instructions from the *Manual of Model Civil*

10  *Jury Instructions for the Ninth Circuit* (2007 ed.) will be

11  given absent objection: 1.1C, 1.2, 1.6-1.14, 1.18, 1.19, 2.11,

12  3.1-3.3.  Do not submit a copy of these instructions.  Counsel

13  shall submit a joint set of case specific instructions.  Any

14  instructions on which the parties cannot agree may be

15  submitted separately.  The Ninth Circuit Manual should be used

16  where possible.  Each requested instruction shall be typed in

17  full on a separate page with citations to the authority upon

18  which it is based.  Proposed jury instructions taken from the

19  Ninth Circuit Manual need only contain a citation to that

20  source.  Any modifications made to proposed instructions taken

21  from a manual of model instructions must be clearly indicated.

22  In addition, all proposed jury instructions should conform to

23  the format of the Example Jury Instruction attached to this

24  Order.  Not less than eleven days prior to the pretrial

25  conference, the parties shall serve and file any objections to

26  separately proposed jury instructions.

27       Jury instructions that the Court has given in prior cases

28  may be downloaded from the Northern District website at

                                    5

1   **http:\\www.cand.uscourts.gov**.  (Instructions are located on

2   the "Judge Information" page for Magistrate Judge Zimmerman.)

3   The Court will generally give the same instructions in cases

4   involving similar claims unless a party establishes, with

5   supporting authorities, that the instruction is no longer

6   correct or that a different instruction should be given.  CACI

7   instructions generally will be given instead of BAJI

8   instructions.

9       All motions, proposed findings of fact and conclusions of

10   law and trial briefs shall be e-mailed in WordPerfect or Word

11   format to the following address: bzpo@cand.uscourts.gov.

12       At the time of filing the original with the Clerk's

13   Office, two copies of all documents (but only one copy of the

14   exhibits) shall be delivered directly to Chambers (Room 15-

15   6688).  Chambers' copies of all pretrial documents shall be

16   three-hole punched at the side, suitable for insertion into

17   standard, three-ring binders.

18   Dated: June 3, 2008

19

20   _____

21             Bernard Zimmerman
          United States Magistrate Judge

22

23   G:\BZALL\-BZCASES\FIRE EXCHANGE V. SUNBEAM PRODUCTS\ORDER SCHEDULING JURY TRIAL
    AND PRETRIAL MATTERS.wpd

24

25

26

27

28

1                          **ATTACHMENT 1**

2        The parties shall file a joint pretrial conference
statement containing the following information:

3

4        (1) **The Action.**

              (A)  Substance of the Action. A
5                      brief description of the
                       substance of claims and
6                      defenses which remain to be
                       decided.

7
              (B)  Relief Prayed. A detailed
8                      statement of each party's
                       position on the relief
9                      claimed, particularly
                       itemizing all elements of
10                     damages claimed as well as
                       witnesses, documents or other
11                     evidentiary material to be
                       presented concerning the
12                     amount of those damages.

13       (2) **The Factual Basis of the Action.**

              (A)  Undisputed Facts. A plain and
14                     concise statement of all
                       relevant facts not reasonably
15                     disputable, as well as which
                       facts parties will stipulate
16                     for incorporation into the
                       trial record without the
17                     necessity of supporting
                       testimony or exhibits.
18

              (B)  Disputed Factual Issues. A
19                     plain and concise statement of
                       all disputed factual issues
20                     which remain to be decided.

21
              (C)  Agreed Statement. A statement
22                     assessing whether all or part
                       of the action may be presented
23                     upon an agreed statement of
                       facts.
24
              (D)  Stipulations. A statement of
25                     stipulations requested or
                       proposed for pretrial or trial
26                     purposes.

27       (3) **Trial Preparation.**

28       A brief description of the efforts the parties have

                             7

1    made to resolve disputes over anticipated testimony,
     exhibits and witnesses.

2

3              (A)   Witnesses to be Called. In
                     lieu of FRCP 26(a)(3)(A), a
                     list of all witnesses likely

4                    to be called at trial, other
                     than solely for impeachment or

5                    rebuttal, together with a
                     brief statement following each

6                    name describing the substance
                     of the testimony to be given.

7

8              (B)   Estimate of Trial Time. An
                     estimate of the number of
                     court days needed for the

9                    presentation of each party's
                     case, indicating possible

10                   reductions in time through
                     proposed stipulations, agreed

11                   statements of facts, or
                     expedited means of presenting

12                   testimony and exhibits.

13             (C)   Use of Discovery Responses. In
                     lieu of FRCP 26(a)(3)(B), cite

14                   possible presentation at trial
                     of evidence, other than solely

15                   for impeachment or rebuttal,
                     through use of excerpts from

16                   depositions, from
                     interrogatory answers, or from

17                   responses to requests for
                     admission.  Counsel shall

18                   state any objections to use of
                     these materials and that

19                   counsel has conferred
                     respecting such objections.

20

21             (D)   Further Discovery or Motions.
                     A statement of all remaining
                     motions, including Daubert

22                   motions.

23        (4) **Trial Alternatives and Options.**

24             (A)   Settlement Discussion. A
                     statement summarizing the

25                   status of settlement
                     negotiations and indicating

26                   whether further negotiations
                     are likely to be productive.

27

28             (B)   Amendments, Dismissals. A

G:\BZALL\-BZCASES\FIRE EXCHANGE V. SUNBEAM PRODUCTS\ORDER SCHEDULING JURY TRIAL AND PRETRIAL
MATTERS.wpd                          8

1
2
statement of requested or
proposed amendments to
pleadings or dismissals of
parties, claims or defenses.

3
4
5
(C)   Bifurcation, Separate Trial of
Issues. A statement of whether
bifurcation or a separate
trial of specific issues is
feasible and desired.

6
(5) **Miscellaneous.**

7
8
Any other subjects relevant to the trial of the action,
or material to its just, speedy and inexpensive
determination.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

G:\BZALL\-BZCASES\FIRE EXCHANGE V. SUNBEAM PRODUCTS\ORDER SCHEDULING JURY TRIAL AND PRETRIAL
MATTERS.wpd                                    9

**ATTACHMENT 2**

**USDC**
Case No. CV08-00367 BZ
**JOINT** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV08-00367 BZ
**JOINT** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV08-00367 BZ
**JOINT** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV08-00367 BZ
**JOINT** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV08-00367 BZ
**PLNTF** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV08-00367 BZ
**PLNTF** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV08-00367 BZ
**PLNTF** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV08-00367 BZ
**PLNTF** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV08-00367 BZ
**DEFT** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV08-00367 BZ
**DEFT** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV08-00367 BZ
**DEFT** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV08-00367 BZ
**DEFT** Exhibit No. _____

Date Entered _____

Signature _____

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28